IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON / GREENWOOD DIVISION

| | | |
|---|---|---|
| Genesis Telecommunications, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | C.A. No.: 8:08-cv-01715-JMC |
| Dearyl W. Moore, Jr., Priority Information | ) | |
| Technology, Inc., and Embarq | ) | |
| Communications, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Embarq Communications, Inc.'s ("Embarq")

Motion for Summary Judgment [Doc. 154] on Plaintiff Genesis Telecommunications, LLC's claim

that Embarq tortiously interfered with a total of twenty-six contracts between Genesis and its

customers for telephone and internet service.  The Magistrate Judge's Report and Recommendation

[Doc. 196] recommends that Embarq's motion be granted in part and denied in part.  After a

thorough review of the record in this matter, the applicable law, the Magistrate Judge's Report and

Recommendation, and the objections filed by the parties, the court adopts the Magistrate Judge's

Report and Recommendation as modified for the reasons stated below.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C.

§ 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge

makes only a recommendation to this court.  The recommendation has no presumptive weight. The

responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423

1

U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.§636(b)(1). The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

After receiving the Magistrate Judge's Report and Recommendation, both Genesis and Embarq timely filed objections. Objections to the Report and Recommendation must be specific. In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Although Genesis and Embarg filed objections which were multiple pages in length, the court finds that the filings are predominantly restatements of the arguments made in their initial filings and do not alert the court to matters that were erroneously considered by the Magistrate Judge. However, Genesis did cite one specific objection which the court will separately address herein.

Genesis argues that the Magistrate Judge erred in finding no evidence of agency between Embarq and Brian Carroll. Particularly, Genesis complains that the Magistrate Judge only focused on the issue of actual agency and did not consider the issue of apparent agency. Initially, the court notes that the Magistrate Judge addressed the issue of agency to the extent that it was raised by the parties in their memoranda on Embarq's Motion for summary Judgment. The issue of agency was initially raised by Genesis in response to Embarq's motion. *See* Genesis's Memorandum in Opposition to Motion for Summary Judgment at 9-10 [Doc. 176]. The Magistrate Judge fully

2

considered the issue of actual agency and found that there was no evidence of actual agency. This court concurs in that assessment. The parties have further briefed the issue of apparent agency in their objections to the Magistrate Judge's Report and Recommendation.

Apparent agency may be established by demonstrating: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment. *See Graves v. Serbin Farms, Inc.*, 306 S.C. 60, 63, 409 S.E.2d 769, 771 (1991). Apparent agency "is established based upon manifestations by the principal, not the agent" and "may not be established solely by the declarations and conduct of an alleged agent." *Roberson v. Southern Finance of S.C., Inc.*, 365 S.C. 6, 11, 615 S.E.2d 112, 115 (2005).

Genesis submits evidence to support its contention that Embarq relied upon Brian Carroll in some capacity during the negotiation of the contract between Embarq and Lakelands Orthopedics. Genesis also provides some evidence of communications between Brian Carroll and a Lakelands Orthopedics's employee. However, Genesis has not provided the court with any evidence upon which the court could find that a jury could reasonably find the elements necessary for apparent agency. Specifically missing is any evidence that Embarq manifested or represented Brian Carroll as its agent or that Lakeland Orthopedics in any way relied on the representation, if any representation existed. Therefore, the court finds that there is no evidence of apparent agency and that Embarq is entitled to judgment as a matter of law on the issue of agency in accordance with the Magistrate Judge's findings.

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and

incorporates it herein. Defendant Embarq Communications, Inc.'s Motion for Summary Judgment [Doc. 154] is **GRANTED** in part and **DENIED** in part. Specifically, the motion is granted as to Genesis's claim for tortious interference with contract as it relates to all customers at issue in this lawsuit except the six (6) Piedmont Health Group entities. As to those six customers, the claim shall survive.

       **IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
March 30, 2011